IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-385-D

NATIONAL ALLIANCE FOR )
ACCESSIBILITY, INC., and )
DENISE PAYNE, )
                               )
                Plaintiffs, )
                               )
          v. )                 **ORDER**
                               )
WAFFLE HOUSE, INC., )
                               )
                Defendant. )

On September 18, 2010, National Alliance for Accessibility, Inc. ("National Alliance") and Denise Payne ("Payne") (collectively, "plaintiffs"), filed suit under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181–12189. Plaintiffs name Waffle House, Inc. ("Waffle House" or "defendant") as defendant and seek injunctive relief [D.E. 5]. On May 9, 2011, Waffle House filed a motion to dismiss plaintiffs' amended complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that plaintiffs lack standing [D.E. 20]. On June 2, 2011, plaintiffs responded in opposition [D.E. 25]. On June 16, 2011, Waffle House replied [D.E. 39]. For the reasons explained below, defendant's motion to dismiss is granted.

I.

Payne is a resident of Florida. Payne Aff. [D.E. 27] ¶ 2. Payne has cerebral palsy, which renders her paralyzed from the waist down and unable to use her arms and hands to grasp objects. Id. ¶ 1. National Alliance is a Florida non-profit corporation, based in Fort Lauderdale, Florida, which works to ensure that places of public accommodation are accessible to its disabled members. Id. ¶ 4; Am. Compl. ¶¶ 3, 9. Payne is a co-founder of National Alliance and occasionally travels to

North Carolina for business relating to National Alliance. Payne Aff. ¶¶ 3–4. During one such trip in 2010, Payne visited defendant's Waffle House restaurant located at 3909 Hillsborough Street in Raleigh, North Carolina ("the restaurant"). Id. ¶ 12; Am. Compl. ¶ 8. At the restaurant, Payne alleges that she discovered various violations of the ADA, including improperly designated handicapped parking spaces, inaccessible routes from the parking area to the restaurant, and interior spaces (such as restrooms and counters) that do not meet ADA requirements. Am. Compl. ¶¶ 10, 17. Payne alleges that she was unable to enjoy the restaurant because of these violations, but asserts that she would like to return in the future if the barriers to access are removed. Id. ¶ 8; Payne Aff. ¶ 13. In support of her intent to return, Payne notes that she will be in Asheville, North Carolina for three days in October 2011. Payne Aff. ¶ 11. The court takes judicial notice that Asheville, North Carolina is approximately 250 miles from Raleigh, North Carolina.[1]

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure tests subject-matter jurisdiction, which is the court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted). A federal court "must determine that it has subject-matter jurisdiction over [a claim] before it can pass on the merits of that [claim]." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479–80 (4th Cir. 2005). In considering a motion to dismiss for lack of subject-matter jurisdiction, the court may consider evidence outside the pleadings without converting the motion into one for summary judgment. Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). Plaintiffs, as the party asserting that this court has subject-matter jurisdiction, must prove that subject-matter jurisdiction exists. See, e.g., Steel Co., 523 U.S. at 104; Evans, 166 F.3d at 647; Richmond,

---

[1] Payne is a frequent litigator in federal court. Since 2008, Payne has filed 32 ADA lawsuits in North Carolina alone, and a total of 171 ADA lawsuits. Def.'s Mem. Supp. Mot. Dismiss, Ex. 2 [D.E. 21-2] ("Hartzog Affidavit") ¶¶ 2–3.

2

Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

Individual and organizational plaintiffs must establish Article III standing. White Tail Park, Inc. v. Stroube, 413 F.3d, 451, 458 (4th Cir. 2005). To establish Article III standing, a plaintiff must show: (1) that the plaintiff has "'suffered an injury in fact—an invasion of a legally-protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical;'" (2) "'a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court;'" and (3) that it is "'likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision'" from the court. Chambers Med. Techs. of S.C., Inc. v. Bryant, 52 F.3d 1252, 1265 (4th Cir. 1995) (alterations omitted) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992)). These requirements are "the irreducible constitutional minimum of standing." Lujan, 504 U.S. at 560. Unless a plaintiff has standing, the court lacks subject-matter jurisdiction to hear the case. See, e.g., id. at 560–61; White Tail, 413 F.3d at 459.

The first element requires a plaintiff to "demonstrate an 'injury in fact' that is concrete and particularized, and actual or imminent, as opposed to conjectural or hypothetical." Long Term Care Partners, LLC v. United States, 516 F.3d 225, 231 (4th Cir. 2008). When a plaintiff seeks injunctive relief, the plaintiff's "injury in fact" requires more than simply an allegation of past exposure to illegal conduct. See, e.g., Lujan, 504 U.S. at 564; City of Los Angeles v. Lyons, 461 U.S. 95, 102–06 (1983); Suhre v. Haywood Cnty., 131 F.3d 1083, 1090–91 (4th Cir. 1997). A plaintiff must show a substantial likelihood of a "real or immediate threat that [she] will be wronged again." Lyons, 461 U.S. at 111. This requirement applies with equal force to plaintiffs who seek injunctive relief under the ADA. See, e.g., Chapman v. Pier 1 Imports, Inc., 631 F.3d 939, 948–49 (9th Cir.

3

2011) (en banc); Shotz v. Cates, 256 F.3d 1077, 1081–82 (11th Cir. 2001); Harty v. Luihn Four, Inc., 747 F. Supp. 2d 547, 551–52 (E.D.N.C. 2010); Tyler v. Kansas Lottery, 14 F. Supp. 2d 1220, 1224–25 (D. Kan. 1998); Aikins v. St. Helena Hosp., 843 F. Supp. 1329, 1333–34 (N. D. Cal. 1994). A plaintiff's mere intent to return "some day," without any description of concrete plans, is insufficient to support the "actual or imminent" injury requirement. See Lujan, 504 U.S. at 564; Lyons, 461 U.S. at 101–07.

Other courts have identified factors which may be relevant to whether a plaintiff has demonstrated a "real and immediate threat of future harm." These factors include: (1) the proximity of plaintiff's residence to the property in question; (2) plaintiff's past patronage of the property; (3) the definitiveness of plaintiff's plan to return; and (4) whether plaintiff frequently travels nearby. See, e.g., Nat'l Alliance v. Waffle House, Inc., No. 5:10-CV-375-FL, 2011 WL 2580679, at *2 (E.D.N.C. June 29, 2011) (unpublished); Norkunas v. Park Road Shopping Ctr., Inc., 777 F. Supp. 2d 998, 1002 (W.D.N.C. 2011); Harty, 747 F. Supp. 2d at 552.

Here, Payne has failed to allege facts demonstrating a substantial likelihood that she will be injured in the future. Payne resides in Florida, nearly 800 miles from defendant's restaurant. See Def.'s Mem. Supp. Mot. Dismiss, Ex. A ("Mileage Estimate"). Payne states that she visited the restaurant on one occasion in 2010. Moreover, Payne does not have any concrete or definitive plan to return to the restaurant. Instead, Payne simply asserts that she occasionally visits North Carolina and would like to return at some point in the future. Such allegations are insufficient to establish standing. See, e.g., Nat'l Alliance, 2011 WL 2580679, at *2–3; Harty, 747 F. Supp. 2d at 552; Jones v. Sears Roebuck & Co., No. 2:05-CV-0535-MCE-KJM, 2006 WL 3437905, at *3–5 (E.D. Cal. Nov. 29, 2006) (unpublished). Accordingly, Payne lacks standing and her claims against defendant are dismissed for lack of subject-matter jurisdiction.

4

As for National Alliance, it "relies solely on its right to bring [a] claim based on associational standing." Pl.'s Mem. Opp'n Mot. Dismiss 18–20. Organizational plaintiffs may establish "associational standing" to bring suit on behalf of its members when: "(1) its members would otherwise have standing to sue as individuals; (2) the interests at stake are germane to the group's purpose; and (3) neither the claim made nor the relief requested requires the participation of individual members in the suit." White Tail, 413 F.3d at 458 (quotation omitted); Friends for Ferrell Parkway, LLC v. Stasko, 282 F.3d 315, 320 (4th Cir. 2002).

National Alliance lacks standing because it has failed to show that one of its members would otherwise have standing to sue as an individual. See, e.g., White Tail, 413 F.3d at 458; Nat'l Alliance, 2011 WL 2580679, at *3. The only member of National Alliance identified in the pleadings is Payne, whom the court has already determined lacks standing. Thus, National Alliance fails to meet the first element required for associational standing. See Nat'l Alliance, 2011 WL 2580679, at *3. As a result, National Alliance lacks standing and the court dismisses its claims for lack of subject-matter jurisdiction.

II.

In sum, defendant's motion to dismiss [D.E. 20] is GRANTED. Plaintiff's motion to compel [D.E. 35] and motion to strike [D.E. 41] are DENIED AS MOOT. The clerk is directed to close this case.

SO ORDERED. This 29 day of September 2011.

JAMES C. DEVER III
United States District Judge